# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| DAVID M. ATWOOD, | |
| Plaintiff, | CV 17-109-H-JTJ |
| vs. | |
| ANDREW SAUL, Commissioner of the Social Security Administration, | **MEMORANDUM AND ORDER** |
| Defendant. | |

## INTRODUCTION

Plaintiff David M. Atwood (Atwood) brought this action to obtain judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner), denying his application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.

## JURISDICTION

The Court has jurisdiction over this action under 42 U.S.C. § 405(g). Venue is proper given that Atwood resided in Lewis and Clark County, Montana when he filed this appeal. 29 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3). The parties have

consented to have the undersigned conduct all proceedings in this matter and enter judgment. (Doc. 10).

## BACKGROUND

Atwood is 55 years old. (Doc. 12 at 182). Atwood is well educated. Atwood has a two-year Associate's Degree in web site design and computer programming. (Doc. 12 at 46-47, 77). Atwood is a military veteran. Atwood served in the army from March 1984 to April 1987, and from February 1989 to May 2001. (Doc. 12 at 47). Atwood served in the National Guard from 2001 to 2008. *Id*. Atwood has past work experience as a delivery driver, electronics associate, sales clerk, telephone order clerk, cable installer and over the road truck driver. (Doc. 12 at 904). Atwood last worked in May 2008. (Doc. 12 at 51).

The Veterans Administration (VA) determined on December 23, 2008, that Atwood was 100% disabled as of July 31, 2008, due to military service related impairments. (Doc. 12 at 270). These impairments included post-traumatic stress disorder (PTSD), thoracolumbar spine degenerative joint disease, tinnitus, gastroesophageal reflux disorder, carpal tunnel syndrome, and headaches. (Doc. 12 at 267-268). Atwood receives VA disability benefits. (Doc. 12 at 45-46).

Atwood filed his application for Social Security disability and disability

insurance benefits on March 21, 2011. (Doc. 12 at 182-188). Atwood alleged that he became disabled on June 1, 2008. (Doc. 12 at 182). Atwood alleged that he became disabled due to PTSD, anxiety, a traumatic brain injury, and chronic back pain. (Doc. 12 at 217).

An administrative law judge (ALJ) conducted a hearing on Atwood's application for disability and disability insurance benefits on March 13, 2013. (Doc. 12 at 22). The ALJ issued his decision on March 29, 2013. (Doc. 12 at 34). The ALJ determined that Atwood did not qualify for disability and disability insurance benefits because he possessed the residual functional capacity to perform jobs that existed in significant numbers in the national economy. (Doc. 12 at 33).

Atwood requested that the Administration Appeals Council (Appeals Council) review the ALJ's decision. (Doc. 12 at 18). The Appeals Council denied Atwood's request for review. (Doc. 12 at 1). The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner. *Id*.

Atwood appealed the Commissioner's decision on October 29, 2014. *See* Cause CV 14-65-H-DLC-RKS, Doc. 1. While the appeal was being briefed before this Court, the parties filed a joint motion requesting that this case be remanded to an ALJ for further administrative proceedings. *See* Cause CV 14-65-H-DLC-

RKS, Doc. 24. The parties identified a number of issues that the ALJ should address during the remand hearing. *Id.* The Court granted the motion to remand. *See* Cause CV 14-65-H-DLC-RKS, Doc. 25.

Atwood received a second administrative hearing before a different ALJ on June 13, 2017. (Doc. 12 at 912-1032). The ALJ heard testimony from Atwood, Atwood's wife, an impartial medical expert and an impartial vocational expert. (Doc. 12 at 916-1032). The ALJ issued his decision on July 18, 2017. (Doc. 12 at 885-906). The ALJ determined that Atwood did not qualify for disability or disability insurance benefits because he possessed the residual functional capacity to perform jobs that existed in significant numbers in the national economy. (Doc. 12 at 905-906).

Atwood filed the present appeal on November 21, 2017. (Doc. 2). The matter has been fully briefed. (Docs. 24, 25 and 27). The Court is prepared to rule.

## **STANDARD OF REVIEW**

The Court's review in this matter is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." *Desrosiers v. Sec. of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).

## **BURDEN OF PROOF**

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months;" and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A),(B)).

The Social Security Administration regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001); 20 C.F.R.

§§ 404.1520, 416.920. The claimant bears the burden of proof under steps one through four. *Bustamante*, 262 F.3d at 954. The Commissioner bears the burden of proof under step five. *Id.* The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Does the claimant have an impairment that is severe or a combination of impairments that is severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Do any of the claimant's impairments "meet or equal" one of the impairments described in the listing of impairments in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Bustamante*, 262 F.3d at 954.

## BACKGROUND

### A. ALJ's determination

At step one, the ALJ determined that Atwood had not engaged in substantial

6

gainful activity since his alleged onset date of May 31, 2008.  (Doc. 12 at 887).

At step two, the ALJ found that Atwood had the following severe impairments: degenerative disc disease in the cervical, thoracic and lumbosacral spine; calcific tendinosis in the right shoulder; bilateral carpal tunnel syndrome; a depressive disorder, not otherwise specified; an anxiety disorder; and cannabis abuse.  (Doc. 12 at 888).  The ALJ found that Atwood also had the following non-severe impairments: gastroesophageal reflux disease (GERD); obstructive sleep apnea; obesity; a traumatic brain injury; and headaches.  *Id*.

At step three, the ALJ found that Atwood did not have an impairment, or combination of impairments, that met or was medically equal to one of the listed impairments.  (Doc. 12 at 889).

Before considering step four, the ALJ determined Atwood's residual functional capacity.  The ALJ determined that Atwood possessed the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations: 1) Atwood is able to lift, carry, push and pull up to 20 pounds occasionally, and up to 10 pounds frequently; 2) Atwood is able to stand and walk for about 6 hours in an 8-hour workday; 3) Atwood is able to sit for about 6 hours in an 8-hour workday; 4) Atwood can occasionally crawl and climb ladders, ropes, and scaffolds; 5) Atwood can frequently climb ramps and

stairs, balance, stoop, kneel and crouch; 6) Atwood has no limitation reaching in all directions, handling, and performing gross manipulations; 7) Atwood can frequently perform fine manipulations with his right hand; 8) Atwood has no limitations for feeling; 9) Atwood has no visual or communicative limitations; 10) Atwood must avoid exposure to hazards such as machinery and working at heights; 11) Atwood can remember locations and work-like settings; 12) Atwood can understand, remember, and carry out very short and simple, and detailed instructions; 13) Atwood can maintain attention and concentration for extended periods of time; 14) Atwood can perform activities within a schedule, maintain regular attendance, be punctual with customary tolerances, and sustain an ordinary routine without special supervision; 15) Atwood can work in coordination or in proximity to others without being distracted by them, but he cannot work in large crowds; 16) Atwood is able to make simple work-related decisions; 17) Atwood can complete a normal workday and workweek without interruptions from psychologically based symptoms; 18) Atwood can perform at a consistent pace without an unreasonable number and length of rest periods;19) Atwood can interact appropriately with the general public, but he cannot perform work activity that involves sales; 20) Atwood is able to get along with co-workers and peers without distracting them or exhibiting behavioral extremes; 21) Atwood is able to

maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; 22) Atwood is able to ask simple questions and request assistance; 23) Atwood is able to accept instructions and respond appropriately to criticism from supervisors, and respond appropriately to changes in a work situation; 24) Atwood is able to be aware of normal hazards and take appropriate precautions; 25) Atwood is able to travel to unfamiliar places and use public transportation; and 26) Atwood is able to set realistic goals and make plans independently of others.  (Doc. 12 at 893-894).

At step four, the ALJ determined that Atwood could not perform any of his past relevant work.  (Doc. 12 at 904).

At step five, the ALJ presented a hypothetical question to the vocational expert. The ALJ asked the vocational expert to consider a hypothetical person with the same age, work experience and educational background as Atwood who possessed the limitations described above.  (Doc. 12 at 904-905).  The ALJ asked the vocational expert whether any jobs existed in significant numbers in the national economy that Atwood could perform.  (Doc. 12 at 1027).  The vocational expert responded that such a hypothetical person could perform work as a officer helper, storage rental clerk, mail clerk, document preparer, touch-up screener and table worker.  (Doc. 12 at 1027-1029).  The ALJ determined, based on the

vocational expert's testimony, that Atwood was not disabled. (Doc. 12 at 906).

### B.   Atwood's Position

Atwood argues that the Court should reverse the Commissioner's decision and award him benefits or remand the matter for further review. (Doc. 24 at 30). Atwood argues that the Commissioner's decision should be reversed for the following reasons:

1. The ALJ erred at step 2 when the ALJ failed to classify his headaches, PTSD, cognitive disorder, and thoracic impingement as severe impairments;

2. The ALJ failed to give proper weight to the 100% disability rating assigned to him by the Veterans Administration;

3. The ALJ failed to provide sufficient reasons for discounting his testimony regarding the limiting effects of his headaches, PTSD, cognitive disorder, and thoracic impingement; and

4. The ALJ erred at step 5 by presenting a hypothetical question to the vocational expert that failed to address the limiting effects of his headaches, PTSD, cognitive disorder and thoracic impingement.

(Doc. 24 at 7).

### C.   Commissioner's Position

The Commissioner argues that the Court should affirm the ALJ's decision because his decision was based on substantial evidence and was free of legal error.

## DISCUSSION

### A.  ALJ's failure to classify Atwood's headaches, PTSD, cognitive disorder, and thoracic impingement as severe impairments

Atwood argues that the ALJ erred at step two when he failed to classify his headaches, PTSD, cognitive disorder, and thoracic impingement as severe impairments.

Step two of the five-step sequential inquiry is a threshold screening device. Step two is designed to "screen out" claimants who are ineligible for disability benefits because they have only minor impairments. *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). The ALJ determines, at step two, whether the claimant has at least one severe impairment, or a combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. *Id*. If the claimant is able to show that he has at least one severe impairment that significantly limits his physical or mental ability to do basic work activities, the ALJ must proceed to step three. An ALJ's failure to classify an impairment as severe at step 2 results in no prejudice to the claimant so long as the ALJ proceeds to step three and considers all of the claimant's medically determinable impairments when determining the claimant's residual functional capacity. *Buck*, 869 F.3d at 1049.

Here, the ALJ found that Atwood had six severe impairments: degenerative disc disease in the cervical, thoracic and lumbosacral spine; calcific tendinosis in the right shoulder; bilateral carpal tunnel syndrome; a depressive disorder, not otherwise specified; an anxiety disorder; and cannabis abuse. (Doc. 12 at 888). Based on this finding, the ALJ preceded to step three. The ALJ considered all of Atwood's medically determinable impairments when he determined Atwood's residual functional capacity. (Doc. 12 at 893-896). The ALJ's failure to classify Atwood's headaches, PTSD, cognitive disorder, and thoracic impingement as severe impairments at step 2 resulted in no prejudice to Atwood. *Id.*; see also, *Gray v. Commissioner of Social Sec. Admin.*, 365 Fed. Appx. 60, 61 (9th Cir. 2010) (unpublished). No reversible error occurred. *Id.*

### B. The VA rating

The VA determined on December 23, 2008, that Atwood was 100% disabled and unemployable as of July 31, 2008, due to military service related impairments. (Doc. 12 at 270, 902). The ALJ acknowledged the VA's disability rating, but gave it "limited weight." (Doc. 12 at 903). Atwood argues that the ALJ erred when failed to give significant weight to the VA's disability rating.

An ALJ must consider a VA disability rating in reaching his decision. See *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). An ALJ must

"ordinarily give great weight to [the VA's] determination of disability." *McCartey*, 298 F.3d at 1076. An ALJ may "give less weight to a VA disability rating [if he provides] persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.

Here, the ALJ reviewed, considered and weighed the medical evidence on which the VA's disability rating was based. The ALJ discounted the VA's 100% disability rating for the following reasons: 1) the VA's determination was not based on Social Security Administration criteria; 2) the VA's determination "was based largely on [Atwood's] subjective complaints;" 3) the VA's determination was "conclusory, [in that] it did not identify with any degree of specificity, what evidence [was] considered;" 4) the VA made its determination without consulting "a vocational expert;" and 5) the evidence showed that Atwood sought a higher disability rating from the VA in 2008 so he could "quit working and attend school." (Doc. 12 at 903). The ALJ provided persuasive, specific and valid reasons for giving the VA's disability rating minimal weight. No error occurred.

### C.   Atwood's testimony

As discussed above, the ALJ found that Atwood's impairments included headaches, PTSD, a cognitive disorder, and a thoracic impingement. The ALJ found that these physical and mental impairment could reasonably be expected to

13

cause the symptoms that Atwood alleged. (Doc. 12 at 901). The ALJ stated, however, that he discounted Atwood's "statements concerning the intensity, persistence and limiting effects" of these impairments. *Id*.

Atwood argues that the ALJ's decision should be set aside because the ALJ failed to provide specific, clear and convincing reasons for discounting his testimony regarding the limiting effects of his headaches, PTSD, cognitive disorder and thoracic impingement.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptoms he has alleged. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Rather, the claimant need only show that his impairment could reasonably have caused some degree of the symptoms. *Id*.

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ may reject the claimant's testimony about the

14

severity of his symptoms only if the ALJ offers "specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ must identify the portion of the claimant's testimony that is not credible and the ALJ must describe the evidence that undermines the claimant's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). The ALJ's findings must be sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings by the ALJ are not sufficient. *Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).

Here, the ALJ stated he had discounted Atwood's statements regarding the limiting effects of his headaches, PTSD, cognitive disorder, and thoracic impingement because: 1) all of these impairments existed before Atwood's May 31, 2008, onset date, and none of them prevented Atwood from working prior to May 31, 2008; 2) the medical evidence showed that the symptoms related to these impairments did not change significantly after May 31, 2008; 3) the medical evidence showed that Atwood was able to manage his symptoms before and after May 31, 2008, with medication; and 4) the record showed that Atwood was able to excel in college from 2008 through 2010, despite these impairments. The ALJ

15

noted that Atwood had earned an Associate's Degree in web site design and computer programming in May 2010, and had graduated with honors. (Doc. 12 at 891, 894-898). The reasons provided by the ALJ were specific and convincing. No legal error occurred.

### D. Hypothetical question presented to the vocational expert

Atwood argues that the ALJ's decision should be reversed because the hypothetical that the ALJ presented to the vocational expert was legally deficient. Atwood argues that the hypothetical was deficient for three reasons: 1) the hypothetical failed to include a limitation stating that he must lay down and rest occasionally at work due to headaches; 2) the hypothetical failed to address the limiting effects of his PTSD and cognitive disorder; and 3) the hypothetical failed to address the limiting effects of his thoracic impingement. Each argument shall be addressed in turn.

#### a. Headaches

Atwood argues that the ALJ's hypothetical was deficient because it did not include a limitation stating that he occasionally had to lay down and rest during the work day. Atwood argues that the hypothetical should have included this limitation because he told nurse practitioner Cindy Garza, on August 19, 2008, that he occasionally had to lay down and rest when he had headaches. (Doc. 24 at

16

25, 507).

The hypothetical that an ALJ presents to a vocational expert must include all of the claimant's limitations that are credible and supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-1218 (9th Cir. 2005). Limitations that are not supported by substantial evidence need not be included in the hypothetical. *Id.*; *Magallanes v. Bowen*, 881 F.2d 747, 756-757 (9th Cir. 1989).

The limitation that Atwood requests here is not supported by substantial evidence in the record. Atwood did not tell Ms. Garcia that his headaches required him to take breaks at work. Atwood told Ms. Garcia that he would occasionally had to lay down and rest when he had headaches. (Doc. 12 at 507). The record contains no evidence that Atwood's headaches interfered with his ability to work. *See* Doc. 12 at 889. The ALJ's hypothetical was not deficient.

        **b.**    **PTSD and Cognitive Disorder**

Atwood argues that the ALJ's hypothetical was deficient because it failed to address the mental limitations related to his PTSD and cognitive disorder.

The record does not support Atwood's argument. Atwood reported that his PTSD caused him to suffer anxiety during stressful situations. (Doc. 12 at 895, 925). The ALJ's hypothetical included two limitations that addressed Atwood's

17

anxiety. The ALJ limited Atwood to work that did not involve large crowds, and the ALJ stated that Atwood could not perform work that involved sales. (Doc. 12 at 893).

Atwood has a mild cognitive disorder that reduces his memory. (Doc. 12 at 891, 895, 900-901, 1703). The ALJ's hypothetical included limitations that addressed Atwood's mild cognitive disorder. The hypothetical stated that Atwood possessed the cognitive ability to understand, remember, and carry out simple instructions, and make simple work-related decisions. (Doc. 12 at 893).

The ALJ's hypothetical adequately addressed the mental limitations associated with Atwood's PTSD and cognitive disorder. No legal error occurred.

### c. Thoracic Impingement

Atwood argues that the ALJ's hypothetical was deficient because it failed to address the physical limitations related to his thoracic impingement.

The record does not support Atwood's argument. The record shows that Atwood has a "minimal impingement" of the thoracic spine at T4/T5 and at T5/T6. (Doc. 12 at 292, 691). The ALJ's hypothetical included limitations that addressed Atwood's minimal thoracic impingement. The ALJ stated that Atwood could "lift, carry, push and pull up to 20 pounds occasionally, and up to 10 pounds frequently;" that Atwood could "stand and walk for about 6 hours in an 8-hour

workday;" that Atwood could "sit for about 6 hours in an 8-hour workday; and that Atwood could "occasionally crawl and climb ladders, ropes, and scaffolds." (Doc. 12 at 893).

The ALJ's hypothetical adequately addressed the physical limitations related to Atwood's thoracic impingement. No legal error occurred.

## CONCLUSION

The ALJ's decision was supported by substantial evidence. The ALJ did not commit legal error.

## ORDER

1. The Commissioner's decision to deny benefits to Atwood is AFFIRMED.

2. This case is DISMISSED with prejudice.

3. The Clerk is directed to enter judgment accordingly.

DATED this 30th day of April, 2020.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge